LAND AND PETROLEUM CORP., Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 45127.)

Court of Claims, November 10, 1966.

*Harnett & Powell* (*Bernard Sommer* of counsel), for claimant. *Louis J. Lefkowitz, Attorney-General* (*John F. Dyer* of counsel), for defendant.

ALEXANDER DEL GIORNO, J. The present motion dated October 11, 1966, returnable October 25, 1966, prays for an order pursuant to CPLR 3025, and rule 16 of the Court of Claims Rules permitting claimant leave to serve an amended notice of claim (raising the amount of consequential damages to $50,000) on the grounds that the consequential damages set forth in the first cause of action ($20,000) are insufficient.

Prior thereto and on October 4, 1966, Hon. SIDNEY SQUIRE, upon motion of the State, dismissed causes of Action Nos. 2 and 3 in claimant's original claim for failure to state a cause of action. Among other things, Judge SQUIRE stated: "Said dismissals do not preclude the claimant from moving to amend its ' Claim No. I ' if it had additional consequential damages not included originally in said cause of action."

In the moving affidavit the claimant explains that it had alleged in the two dismissed actions that, it having acquired knowledge of the forthcoming appropriation and its effect on its property which would adversely affect a lucrative lease with the Shell Oil Company, through its president it had acquired additional land from its own adjoining residential property and also acquired from a third party other additional land, and additionally the construction plans were altered to permit land fill on said property to meet the projected change in the grade of the highway.

Claimant adds further that the actual appropriation was greater than appeared in the tentative plans, and as a result it had to buy additional land and have same rezoned as well as make structural changes in the building to please lessee Shell. These, it claims, cost claimant over $30,000 which claimant alleges were incurred on the basis of representations to its president by State employees.

The State, in opposing affidavits, asserts that appraisals have already been exchanged pursuant to rule 25a. In its appraisal the claimant contends that its land's "before" value was $91,000, that the "after" value was $81,000, and that the damage, "direct", "severance" and "consequential" is $10,500.

The State also contends that granting of this motion would result in recognition of the amount of damages greater than the claimed "before" value and, further, that additional claimed damages are not recognizable at law.

Upon request of the court the claimant was permitted to submit an additional affidavit which might factually and causally justify its motion.

The motion was heard again on November 1, 1966, at which time the claimant submitted its papers, whereas the State argued on the motion along the lines above described and in addition thereto filed an additional affidavit in opposition.

The claimant's second affidavit is long and analytical of the history of claimant's acquisition of the original property as well as the additional land added to the gas station grounds to enable the claimant to retain Shell as a lessee; that Shell remained as such lessee at a greater monthly rental than originally contemplated. This, of course, is due to the fact that at Shell's request the claimant added another bay to the original two bays of the building as well as added additional land, as aforesaid.

The State, in its second affidavit, attempts to analyze the very figures of alleged expenses incurred by the claimant and compares them to the consequential damages set forth in the original claim which indicates that claimant even now shows a total consequential of $13,500 or $6,500 less than pleaded in the original claim.

To the court there seems to be no doubt that the presentation of the claimant's claim is not an artistic and precise exposition of the claimant's damages. The very draft of the original claim presents a clue to perhaps a lack of experience of the practice in the Court of Claims as well as a disregard of the applicable law regarding what may be considered "consequential" damage. To be considered consequential, damage must flow directly

from the acquisition of land and not, as seems to be the fact here, the result of additional expenses and efforts on the part of the claimant arising from discussions or representations of an employee of the State with whom the claimant discussed its problems in the district office of the Department of Public Works at Babylon. As a result of said discussions the claimant, desirous to hold on to Shell as a lessee, undertook to please Shell to enlarge the building and to add other lands to the original land.

The court entertains great doubts as to whether the claimant may prove as consequential damages the expenses described in the affidavits. Nevertheless, I find that the State is fully aware of all items of alleged consequential damages that the claimant may want to offer at the trial, and will not be prejudiced by the granting of this motion to amend the claimant's claim.

I feel that it is better under the circumstances disclosed here that the claimant be given a chance to prove all its damages, if it can, rather than raise the possibility of depriving it of any consequential damages which perhaps it could establish.

Such a result would deprive claimant of just compensation which, I am certain, even the State would not desire to happen. Motion is granted.